# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MISSOURI
## EASTERN DIVISION

| | | |
|---|---|---|
| CHAVIS MEEKS, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | No. 4:15-CV-16-AGF |
| | ) | |
| JAY CASSADY, | ) | |
| | ) | |
| Respondent. | ) | |

## **MEMORANDUM AND ORDER**

Before the Court is petitioner's response to the January 27, 2015 Memorandum and Order, instructing him to show cause why this action should not be dismissed for failing to exhaust available state remedies [Doc. #5]. In the alternative, petitioner requests an order, staying this case until he has exhausted his state remedies [Doc. #5, p. 6]. For the following reasons, this action will be dismissed, without prejudice.

### **Background**

Petitioner, an inmate at the Jefferson City Correctional Center, filed this action on December 29, 2014, seeking release from confinement pursuant to 28 U.S.C. § 2254. Petitioner stated that he had been sentenced on September 20,

2012, in the St. Louis City Circuit Court, and that his appeal was pending in the Missouri Court of Appeals for the Eastern District.

On January 27, 2015, petitioner was ordered to show cause why this action should not be dismissed for failure to exhaust state remedies prior to filing this action in Federal Court [Doc. #3]. In his show cause response, petitioner states that he was "deprived of a right to judicial review that is available under post-conviction Rule 24.035" when he was denied appointed post-conviction counsel. Petitioner believes that his circumstance is "unusual and rare" and that he can demonstrate "cause for the [procedural] default and a fundamental miscarriage of justice." In the alternative, petitioner requests a stay and abeyance, stating that he has good cause for failing to exhaust his claims in state court and that "outright dismissal could jeopardize the timeliness of [his] attack under the AEDPA."

**Discussion**

Petitioner states that his state criminal appeal is currently pending with the Missouri Court of Appeals for the Eastern District; however, a review of Missouri CaseNet does not show a pending appellate action. Rather, CaseNet indicates that on September 6, 2013, petitioner filed a Rule 24.035 motion for post-conviction relief in the St. Louis City Circuit Court. Said motion is now pending in state trial court, not the court of appeals. Regardless of the exact court in which the post-conviction challenge is pending, petitioner concedes he has available state

procedures he must exhaust, and the Court finds no exceptional circumstances to justify dispensing with this requirement.

In the alternative, petitioner asks the Court to stay this action and hold it in abeyance until he has exhausted his state remedies. A district court has the discretion to stay a habeas corpus proceeding only "in limited circumstances." *Rhines v. Weber*, 544 U.S. 268, 277 (2005). The Supreme Court indicated that a "stay and abeyance" procedure may be employed when the petitioner has filed a "mixed petition," i.e., a petition raising both exhausted and unexhausted claims. *Id*. In the instant case, however, petitioner cannot utilize the stay and abeyance procedure, because he did not file a "mixed" habeas petition. All of petitioner's claims are unexhausted at this point, as he readily admits that none of the claims raised in the instant petition have yet been exhausted in state court. Because petitioner's habeas application is not "mixed," stay and abeyance is inappropriate and petitioner's request will be denied. *See Spires v. Norman*, 2012 WL 1605263 at *2 (E.D. Mo. 2012) (stay and abeyance only available in very limited circumstances where mixed petitions are at issue; petitioner's request for stay and abeyance of habeas action denied where application contained only unexhausted claims and was not a mixed petition); *Cowin v. Norman*, 2012 WL 424999 at *3 (E.D. Mo. 2012) (habeas petitioner not entitled to stay and abeyance because claims did not present a mixed petition of exhausted and unexhausted claims). For

these reasons, this action will be dismissed, without prejudice, for petitioner's failure to exhaust his available state remedies.

In accordance with the foregoing,

**IT IS HEREBY ORDERED** that no order to show cause shall issue at this time as to respondent, because petitioner did not exhaust available state remedies before invoking federal habeas corpus jurisdiction.

**IT IS FURTHER ORDERED** that petitioner's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 is **DENIED**, without prejudice, for petitioner's failure to exhaust available state remedies.

**IT IS FURTHER ORDERED** that petitioner's request for stay and abeyance [Doc. #5, p. 6] is **DENIED**.

A separate Order of Dismissal shall accompany this Memorandum and Order.

Dated this 16th day of March, 2015.

_____
**UNITED STATES DISTRICT JUDGE**